20 N.Y.2d 81 (1967)
Swan Lake Water Corp., Respondent,
v.
Suffolk County Water Authority, Appellant.
Court of Appeals of the State of New York.
Argued April 20, 1967.
Decided June 1, 1967.
Le Roy Van Nostrand, Jr. for appellant.
Melvyn Tanenbaum for respondent.
Louis J. Lefkowitz, Attorney-General (Dunton F. Tynan, Ruth Kessler Toch and Seth Towse of counsel), for Water Resources Commission of the State of New York, amicus curiæ.
Judges BURKE, SCILEPPI and BREITEL concur with Judge VAN VOORHIS; Judge BERGAN dissents and votes to reverse in an opinion in which Chief Judge FULD and Judge KEATING concur.
*84 VAN VOORHIS, J.
The controversy arises over whether plaintiff or defendant shall serve the Brookhaven Memorial Association, Inc., hospital on the east side of Hospital Road, East Patchogue, Suffolk County. Plaintiff serves a residential area known as Pine Crest, the easterly boundary of which is the west side of Hospital Road across the street from the Brookhaven hospital which is on the east side of the same street. It was authorized to serve this area in 1955 by the Water Power and Control Commission, predecessor of the present Water Resources Commission (76 N. Y. S. Dept. Rep. 741). Under the consent of the commission, and in conjunction with its service of the Pine Crest area, plaintiff has a water main in the west side of Hospital Road directly opposite the hospital. The nearest connection of defendant-appellant is 2,190 feet away, around the corner on an intersecting street known as Patchogue-Yaphank Road. Appellant is likewise subject to the authority of the Water Resources Commission. In 1949 the predecessor commission made an order purporting to authorize defendant, without the further approval of the commission, to extend its supply and distribution mains within and supply waters to persons resident in the entire County of Suffolk, "Provided, however, that nothing in this decision contained shall be held * * * to authorize said authority to enter into competition with or to parallel the distribution mains of any waterworks system, either publicly or privately owned, now legally established *85 in this county or which hereafter legally may be established therein".
Although plaintiff's water main is in the street on which the hospital fronts, and defendant's nearest main is 2,190 feet away, defendant-appellant contends that it is not competing with plaintiff on the legal technicality that plaintiff's permission to serve Pine Crest was limited by the statement of the commission that "No service outside of this area will be permitted."
The idea that these parties are not competing for the business of the hospital has no practical foundation. The commission has full power to extend the territory served by plaintiff. It has done so in at least four instances. In the very order under which defendant has sought to proceed, the Water Power and Control Commission said (70 N. Y. S. Dept. Rep., p. 320): "Generally, this authority shall not be held in any way to restrict the Commission in taking such action as it may deem suitable and proper on any water supply application which may come before it affecting Suffolk County." The control reserved by the commission over defendant with respect to paralleling or competing with other mains is unaffected by the fact that such paralleling or competition would occur either within or without an existing service area. For the commission could make assignments and reassignments of service areas as required by the facts and circumstances in each specific case, and when it prohibited "paralleling" other mains by defendant it clearly meant paralleling in fact. Plaintiff could not install crossovers or service mains across the street to the hospital, of course, without the consent of the commission, but plaintiff was under no administrative or statutory restraint which would prevent an application for permission to serve the area in dispute or other areas. Exactly this was done and permitted in Matter of Suffolk County Water Auth. v. Water Power & Control Comm. (12 A D 2d 198, opn. per BERGAN, J.).
The order of the Appellate Division, now under review, does not purport to determine that the hospital shall be serviced by plaintiff rather than by defendant. This is a matter within the expertise of the commission. As was said in the Suffolk County Water Authority case just cited (12 A D 2d, supra, p. 202):

*86 "The problem of allocation of authority to serve a given territory is one involving an advised and specialized administrative judgment which must take into consideration a balancing of the needs of existing areas served, the contiguous or remote relationship of facilities to service; the geographic symmetry and arrangement of the territory in the light of present and future needs; the probable growth of territory; the nature and interests of the public and governmental agencies concerned; the available water; and a number of other related questions.
"The broad responsibility to make determinations affecting the access to water resources of the State rests by law in the commission (Conservation Law, art. 5 [Water Resources Law]). It must `control and conserve' the water resources `for the benefit of all the inhabitants of the State' (Matter of City of Syracuse v. Gibbs, 283 N.Y. 275).
"Determinations within the area of the commission's competency and authority are not easily undone; and they are certainly not to be annulled because an agency seeking to use the water resources of the State contends that it, rather than some other agency, should have obtained the commission's approval. (Matter of Niagara Falls Power Co. v. Water Power & Control Comm., 267 N.Y. 265; People v. System Props., 281 App. Div. 433.)"
It is the defendant which has attempted to bypass the commission in this instance, not the plaintiff. The order appealed from would require that the commission give its attention to whether defendant should be authorized to extend its mains by 2,190 feet to compete with plaintiff, or whether plaintiff should be allowed to extend its service pipes across the street to the hospital. Plaintiff, as respondent on the appeal, is urging that the commission pass upon this; the defendant, in appealing, is seeking to avoid it.
It is true that, without consulting the commission, defendant and the hospital entered into what purports to be a contract in 1965 for the supplying of water by defendant, and something is made of a letter dated August 26, 1965 from the New York Fire Insurance Rating Organization to the vice-president of the hospital concluding that as a result of an inspection in 1960 the then facilities of plaintiff were inadequate. This occurred before the increase in well capacity by plaintiff by the installation *87 of a second well and the installation of additional hydrants after the rating organization's inspection in 1960. It should be repeated that we are not suggesting nor did the Appellate Division intimate that the courts should usurp the function of the commission, but rather that its power and expertise should not be usurped by defendant or the hospital. The commission should rule on which is the proper source of supply, and on whether defendant's mains should be extended for this purpose by more than one third of a mile. Furnishing water usually involves a monopoly to avoid duplication of facilities, which is an important reason on account of which it is subject to public regulation. Neither the hospital nor defendant can determine for themselves what shall be their source of supply, which is a matter for the commission to decide.
The Appellate Division, reversing Special Term, held that sections 522 and 523 of the Conservation Law, now sections 450 and 451, precluded this 2,190-foot extension, in possible competition  as the commission might find  with the plaintiff, without obtaining permission of the commission. The majority opinion points out correctly that, when the commission enlarged generally to the entire county the territory in which defendant might supply water, "the Conservation Law provided in section 522 that no supplier of water to the public shall `(a) exercise any franchise hereafter granted to supply water to any such inhabitants of the state; or * * * (c) construct any extension of its supply mains, or (d) * * * until the approval therefor of the commission has been applied for and obtained', with exceptions not pertinent here, viz., an exemption with respect to `a municipal water supply plant'; in section 523 that application for such approval was to be made on `maps, plans, and profiles of such new or additional water supply'; and in section 524 that `No new water supply system, built in accordance with plans hereafter approved by the commission, shall be operated until the work has been approved by it.'"
We also indorse the further statement by the Appellate Division: "In our opinion, the commission had no power to dispense with these statutory requirements. Since the commission did not have before it at that time any such maps, plans and profiles with respect to supplying water to this hospital, the commission's grant to defendant should be deemed limited to the *88 subject of territorial area and not to include a license to lay distribution lines without prior approval by the commission. * * * Without such prior approval by the present Water Resources Commission or its predecessor, viz., by such predecessor commission in connection with enlarging the territory of defendant's franchise in 1949, defendant's proposed action would be illegal. (See, as to the requirement that the commission must pass upon specific plans for water distribution mains, Great Neck Water Auth. v. Citizens Water Supply Co. of Newton, 12 N Y 2d 167, 174-175; 1924 Atty. Gen. 214, 215 [31 N. Y. St. Dept. Rep. 678, 680]; cf., id., 1931, 334, 336.)"
The Appellate Division concluded by stating: "We do not pass upon the issues as to whether defendant's proposal to lay a water main along the easterly side of Hospital Road in order to carry water to the hospital is or is not consistent with the 1949 proviso against entering into `competition' with or `parallel[ing]' existing mains of another system or whether plaintiff or defendant should have the franchise to serve the hospital. These are issues which should be presented to and determined by the Water Resources Commission (cf. Matter of Suffolk County Water Auth. v. Water Power & Control Comm. of State of N. Y., 12 A D 2d 198, 202)."
The dissenting Justices took the view that defendant was exempted from the necessity of procuring approval from the commission as a "municipal water supply plant", and that plaintiff lacked standing to bring the action through not being a party aggrieved inasmuch as its authority was limited to working the other side of the street. Defendant is not a "municipal water supply plant" but is organized under the Public Authorities Law, and is subjected to the jurisdiction of the Water Power and Control Commission by the law of its creation (Public Authorities Law, § 1092). It acted on the assumption that it was not exempt from such regulation as a municipal water supply plant, when it obtained the order from the Water Power and Control Commission in 1949 on which it presently relies.
The argument that plaintiff is not a party aggrieved has been previously answered. The center line of Hospital Road was not inflexible but could be altered at any time by the commission which had already extended plaintiff's area of service upon a *89 number of occasions as the facts and circumstances of the situation warranted. Here the commission has forbidden defendant to compete with other companies, public or private, and has restrained defendant from "paralleling" their water mains.
An argument is made that the Water Resources Commission is a party aggrieved and should have been joined in the action to serve its own interests. It has no interests to serve, and is not a party aggrieved (Black Riv. Regulating Dist. v. Adirondack League Club, 307 N.Y. 475; St. Clair v. Yonkers Raceway, 13 N Y 2d 72). In any event, the order appealed from requires defendant to go before the commission so that it may exercise its jurisdiction.
A further argument is made that section 522 (now § 450) of the Conservation Law only requires applications to be made to the Water Resources Commission on maps and plans where the extension is into a municipality, water district, water supply district, or other civil division of the State wherein it has not theretofore legally supplied water, or where a new source of water supply is applied for (Conservation Law, § 450, subd. [1], pars. [b], [e]). These are not the subdivisions of section 450 (formerly § 522) on which the Appellate Division relied, but, rather, paragraph (f) of subdivision (1) (formerly § 522, subd. [c]) which forbids any person "or public corporation" to "construct any extension of its water supply mains" without the prior submission of maps and plans. Paragraph (f) of subdivision (1) says nothing about entrance into another municipality. Of course this has no relation to mere service connections, crossovers, and the like, but it does provide that before the corporation can extend its mains there must first be before the Water Resources Commission maps and plans so that it can pass upon the project.
The order of the Appellate Division should be affirmed, with costs. The certified question should be answered in the affirmative.
BERGAN, J. (dissenting).
Plaintiff, showing no franchise or other property rights whatsoever in providing water service in a territory which has been assigned by the Water Resources Commission to defendant, a public benefit corporation, has *90 obtained an injunction preventing the defendant from affording service in its own territory.
The traditional requirement for an injunction, that a party show that his existing rights are in irreparable danger, has not been insisted upon in granting this injunction. The injunction is, indeed, quite extraordinary. It is not unlike enjoining a bus company from operating in a territory assigned by a regulatory body on the ground that another bus company wants to apply for a franchise for that same territory.
It is the possible "application for permission to serve the area in dispute" which seems to be the link by which the majority opinion brings plaintiff into a legal relationship to the disputed territory. But one will search in vain in the complaint and the moving papers for any statement by plaintiff that it intends to apply to the Water Resources Commission for authorization to serve the disputed area. What the complaint does say is that if defendant undertakes to serve this part of its own territory this will "deprive" plaintiff "of an opportunity to litigate the merits of each installation" before the commission. This is a tenuous interest, indeed, for a plaintiff seeking an injunction to assert.
The fundamental basis of this court's decision seems to be that the commission must determine whether plaintiff or defendant should be permitted to service the hospital which is within defendant's present territory.
But it is clear from a long brief the commission itself has filed as amicus curiæ that the commission believes the defendant public water authority ought to service the hospital and that its prior authorization entitled defendant to do so.
The commission, indeed, argues that the effect of the injunction granted at the Appellate Division would be to "effectively strip the aura of finality of any administrative determination and lay it forever bare to attack, even after the limitations of time provided by Civil Practice Law and Rules, Article 78, and special limitations of time (e.g., Cons. L., § 432) had elapsed." The brief continues: "This would place in jeopardy the finality of long-standing past as well as all future administration [sic] determinations, even those from which no appeal was taken. Parties to administrative determinations and other persons could be subjected to endless litigation and relitigation of such *91 determinations. Thus an onerous burden would be placed upon administrative bodies and the Courts of this State."
The injunction may not have such catastrophic consequences as the commission apprehends, but even without them, it is unsoundly based; and with the commission's present view of the problem, it results merely in a delay to defendant, empty of any real benefit to plaintiff.
The order should be reversed.
Order affirmed, etc.