In the Matter of SWAN LAKE WATER CORP., Petitioner, *v.* WATER RESOURCES COMMISSION et al., Respondents.

Third Department, November 26, 1968.

*Melvyn Tanenbaum* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch, Dunton F. Tynan, Julius Feinstein* and *Stanley Fishman* of counsel), for Water Resources Commission, respondent.

*Van Nostrand & Martin (L. Van Nostrand, Jr.,* of counsel), for Suffolk County Water Authority, respondent.

STALEY, JR., J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme

Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review two determinations of the Water Resources Commission of the State of New York, (1) which approved the application of the Suffolk County Water Authority to supply water service to the Brookhaven Memorial Hospital, and (2) which denied the application of Swan Lake Water Corp. to provide such service.

The respondent, Suffolk County Water Authority (hereinafter called the Authority), is a public benefit corporation authorized to supply water service to all of Suffolk County except those areas specifically assigned to private water corporations. The petitioner, Swan Lake Water Corp., is a domestic private water corporation organized pursuant to the Transportation Corporations Law and authorized to supply water service to a limited area of 188 acres, the easterly boundary of which is the westerly side of Hospital Road, Patchogue, Suffolk County.

In August, 1965 the Authority entered into a contract with the Brookhaven Memorial Hospital to extend its water lines within its service area to provide water service to the hospital, which was situated on the easterly side of Hospital Road. The petitioner, objecting to such extension, sought an injunction against the extension of the Authority's water mains to the hospital on the ground that there had been no compliance with section 450 of the Conservation Law which required that maps and plans for such extension should first be approved by the Water Resources Commission. Petitioner's motion for a temporary injunction was granted by the Appellate Division, Second Department, and affirmed by the Court of Appeals. (*Swan Lake Water Corp.* v. *Suffolk County Water Auth.*, 25 A D 2d 542, affd. 20 N Y 2d 81.)

In 1949 the Water Power and Control Commission, predecessor of the present Water Resources Commission, made an order purporting to authorize the Authority without future approval to extend its distribution mains to persons residing in Suffolk County " provided, however, that nothing in this decision contained shall be held * * * to authorize said authority to enter into competition with or to parallel the distribution mains of any waterworks system, either publicly or privately owned, now legally established in this county or which hereafter legally may be established therein."

The Court of Appeals, affirming the order which granted to petitioner the temporary injunction, held that it was a matter for the commission to determine which water corporation should serve the hospital, and whether or not the Authority's mains would parallel the existing mains of the petitioner, and quoted

from *Matter of Suffolk County Water Auth.* v. *Water Power & Control Comm.* (12 A D 2d 198, 202), as follows:

" The problem of allocation of authority to serve a given territory is one involving an advised and specialized administrative judgment which must take into consideration a balancing of the needs of existing areas served, the contiguous or remote relationship of facilities to service; the geographic symmetry and arrangement of the territory in the light of present and future needs; the probable growth of territory; the nature and interests of the public and governmental agencies concerned; the available water; and a number of other related questions.

" The broad responsibility to make determinations affecting the access to water resources of the State rests by law in the commission (Conservation Law, art. 5 [Water Resources Law]). It must ' control and conserve ' the water resources ' for the benefit of all the inhabitants of the State ' (*Matter of City of Syracuse* v. *Gibbs*, 283 N. Y. 275).

" Determinations within the area of the commission's competency and authority are not easily undone; and they are certainly not to be annulled because an agency seeking to use the water resources of the State contends that it, rather than some other agency, should have obtained the commission's approval. (*Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265; *People* v. *System Props.*, 281 App. Div. 433.) "

Thereafter, the Authority made an application to the Water Resources Commission for permission to extend its mains within its service area to serve Brookhaven Memorial Hospital to which objections were filed by the petitioner. The petitioner likewise filed an application with the Water Resources Commission to extend its service area to include the Brookhaven Memorial Hospital to which objections were filed by the Authority and the hospital.

After holding public hearings on the applications, the Water Resources Commission issued its decision approving the Authority's application setting forth 35 findings of fact, and also its decision denying petitioner's application setting forth 31 findings of fact. The commission concluded that the Authority was better equipped to provide service for the hospital area, that the Authority's project did not constitute a paralleling of the distribution mains of the petitioner, and that the proposed extension was justified by public necessity. The record contains substantial evidence to support the decisions of the commission, particularly in view of the Authority's superior water supply system of more than 20 wells in the Patchogue plant, vast ele-

vated storage facilities of over 3,000,000 gallons, modern laboratory and quality control, and trained personnel in constant attendance, as compared with the petitioner's supply system of two wells, three hydropneumatic tanks with 40,000 gallons total capacity of which only 20% was actually available for immediate use, and the possibility of failure by the petitioner to adequately provide for the hospital needs in case of mechanical failure of its pumping system.

The responsibility of allocating a water supply is a specialized and technical field involving problems and determinations that only an expert could make. The evidence was presented to the commission and reviewed and decided by experts, and the courts will not interfere with State officers in the performance of their duties which involve discretion and the exercise of judgment (*Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265), when the determination is justified by the record, and supported by substantial evidence.

The decisions of the Water Resources Commission are justified by the evidence and are neither arbitrary nor capricious.

The determinations should be confirmed, and the petition dismissed, with one bill of costs to respondents.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Determinations confirmed, and petition dismissed, with one bill of costs to respondents.