■ In the Matter of the TOWN OF CORNWALL, Acting on Behalf of the FIRTHCLIFFE SEWER DISTRICT, Respondent, v. HENRY L. DIAMOND, as Commissioner of the Department of Environmental Conservation, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the appellant Commissioner of the New York State Department of Health, dated June 17, 1970, denying petitioner's application under section 1263-c of the Public Health Law for State reimbursement of operation and maintenance costs of sewage treatment works for the year 1968, the appeal (by permission) is from a judgment of the Supreme Court, Orange County, entered November 17, 1970, which (1) annulled the determination and (2) remanded the matter to the appellant Department of Environmental Conservation for further inquiry and reconsideration upon a more complete record. Judgment reversed, on the law, without costs, petition dismissed on the merits and determination confirmed. Although the petitioner town asserts herein that reimbursement was warranted because the sewer plant had been operated in accordance with pertinent statutory and regulatory requirements, its primary claim for relief is that, in making certain modifications to the plant's sludge return system, it acted in good faith and relied upon an express representation by an employee of the Health Department's regional office. More particularly, the town alleges that at a meeting with the Department's White Plains regional office in February, 1969, called to discuss certain alleged deficiencies in the operation of the sewage works, a local representative represented that if the town would make certain modifications to the sludge return system its application for State aid for the year 1968 (pursuant to the statutory scheme, reimbursement applications are to be submitted after the close of the year for which aid is sought) would receive favorable treatment by the Department. In annulling the Commissioner's determination and remanding the matter for further inquiry and reconsideration, Special Term held that any arrangements made at the February, 1969 meeting and the results thereof were certainly pertinent facts which should have been, but were not, included in the record before the Commissioner (presumably by the regional office). We disagree. The alleged representation was neither pertinent nor material to the explicit standards for State assistance prescribed by the Public Health Law and the regulations

promulgated thereunder. The sole legal basis upon which the town's application for reimbursement of costs incurred in 1968 is to be judged is the performance of the sewer plant during that particular year and the Commissioner must deny State aid if the plant was not efficiently operated (Public Health Law, § 1263-c, subd. 4, par. [b]; 10 NYCRR 44.50, 44.53, 44.55; see, also, *Matter of Town of Cornwall* v. *Ingraham* [Supreme Ct., Orange County, Index No. 101/70, March 25, 1970, Supple, J.]). Therefore, even if a representative of the regional office (which processes these applications and makes a recommendation of approval or disapproval) had stated, in 1969, that the State would waive 1968 operating deficiencies if repairs and modifications were timely made in 1969, such representation could not, as a matter of law, affect the determination which the Commissioner was required to make. Nor could it bind the Commissioner, by estoppel or otherwise (*City of New York* v. *Wilson & Co.*, 278 N. Y. 86; *Matter of Rochester Tr. Corp.* v. *Public Serv. Comm.*, 271 App. Div. 406, mot. for lv. to app. den. 296 N. Y. 1061). Furthermore, there is ample evidence in the record to support the Commissioner's determination. Thus, it appears that for six out of twelve months in 1968 the Firthcliffe plant did not operate as a secondary treatment facility, although so designed and licensed. Since compliance with its permit and performance comparable to design are two of the requirements for State assistance, the Commissioner was justified in finding that the plant did not meet minimum operating standards. The determination being amply supported in the record and made in accordance with lawful procedure, Special Term erred in not granting appellants judgment dismissing the petition. Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.