■ In the Matter of CITY OF NEW YORK, Petitioner, v JAMES L. LAROCCA, as Commissioner of the New York State Energy Office and Chairman of the New York State Energy Planning Board, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Energy Planning Board which directed the State Energy Office to adopt and issue a final State energy master plan. In compliance with sections 3-101 and 5-101 of the Energy Law, the State Energy Office prepared and submitted to the State Energy Planning Board (Planning Board) a first draft State energy master plan which was adopted in March, 1980 as SEMP I. A review of the State energy master plan is required from time to time, at least once every two years (Energy Law, § 5-110, subd g). Based on revised data showing projected reductions in demand for electricity, projected increases in alternative electricity generation technologies and Canadian imports, the updated version, SEMP II, at issue here, called for the construction of only three new coal-fired plants instead of the five recommended in SEMP I. SEMP II identified Arthur Kill, a proposed coal and/or refuse derived fuel plant to be located in Staten Island, as one of the three facilities. The need to construct the Arthur Kill plant had been previously certified by the State Board on Electricity Generation Siting and the Environment (Siting Board). Petitioner City of New York, being of the view that no additional generating plants are necessary in the New York metropolitan area, seeks an order declaring respondent Planning Board's opinion and order of March 25, 1982 adopting SEMP II null and void because (1) it was error to exclude testimony relating to the necessity for and alternatives to the location of a coal-fired electricity plant at Arthur Kill and (2) inclusion of that plant was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and violative of the Energy Law. The Planning Board's statutory function is limited to adoption of an integrated document which addresses generic energy factors and recommends a comprehensive strategy to meet New York State's future energy needs (Energy Law, §§ 5-105, 5-107, 5-110). In arriving at its decision, the Planning Board specifically observed that it considered the arguments advanced by petitioner to the effect that a new downstate coal plan was inessential and found them unpersuasive. Adoption of the State Energy Office's reduction in the number of new coal-fired power plants to three in SEMP II evidences that the Planning Board weighed the testimony produced by petitioner and others regarding changed circumstances. Furthermore, the Planning Board properly refused site-specific testimony concerning the Arthur Kill plant, for it in its limited role as a policy maker it lacks authority to approve or disapprove specific sites. The Planning Board's reference in its opinion to specific plants, including Arthur Kill, was merely a recognition that those sites had already

been sanctioned. Article VIII of the Public Service Law gives the Siting Board exclusive jurisdiction concerning the approval of power plants such as Arthur Kill. Petitioner was a party to the Siting Board's proceedings respecting Arthur Kill and challenged its approval. There, substantially the same evidence as is being offered here was appropriately taken into account by the Siting Board. Judicial review of that determination put the issue of need for the Arthur Kill plant before the Appellate Division, Second Department, and although that court remanded the matter it did so for the purpose only of conducting a rehearing on the narrow issue of the applicability of the city's local regulations to Arthur Kill (*Koch v Dyson,* 85 AD2d 346, 358). An endeavor to relitigate the certification of Arthur Kill in this proceeding is accordingly inappropriate. Inclusion of Arthur Kill in SEMP II was rational, supported by substantial evidence and did not transgress the Energy Law. The Planning Board's obligation to express policy and energy guidelines for the State requires it to do more than simply focus on the desirability of including one particular plant in one region; a broader and more comprehensive view, one assessing every relevant factor bearing on the State's entire energy supply plan, is not only prescribed, but imperative. Moreover, in an area of agency discretion such as this, where technical expertise plays so large a role, we are disinclined to substitute our judgment for that of the agency (*Matter of Swan Lake Water Corp. v Water Resources Comm.,* 31 AD2d 44, mot for lv to app den 24 NY2d 737). Parenthetically, we are aware that a draft of SEMP III, issued while this appeal was pending, purports to exclude all new construction of coal-fired plants. As SEMP III is still in draft form, respondents' suggestion that this appeal is somehow moot is implausible. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.