■ STEPHEN J. ANTAL et al., Appellants, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent. — In a proceeding pursuant to CPLR article 78 to review the revocation of a preliminary certificate of eligibility for a partial tax exemption pursuant to Real Property Tax Law § 421-a and to compel the issuance of a final certificate of eligibility, petitioners appeal from a judgment of the Supreme Court, Queens County (Leviss, J.), dated March 16, 1984, which dismissed the petition.

Judgment reversed, on the law, with costs, petition granted, revocation of the preliminary certificate of eligibility annulled, and respondent is directed to issue a final certificate of eligibility to the petitioners.

At Special Term, and on appeal, the petitioners contended that respondent issued and revoked a preliminary certificate of eligibility for a partial tax exemption, based upon the same facts (concerning the demolition of Village Mall and construction of Bayside Mews Condominium). Respondent did not controvert that allegation, but rather argued, in effect, that its "understanding" of the operative facts changed. While the "authorities are in agreement that upon a change of circumstances * * * or new information, an agency may reconsider and alter a prior determination" (*Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269, 277), "[c]apricious action in a legal sense is established when an administrative agency on identical facts decides differently" (*Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217, *affd* 32 NY2d 796, *cert denied sub nom. Baum v Lefrak Forest Hills Corp.,* 414 US 1004). Accordingly, respondent's revocation of the preliminary certificate of eligibility was arbitrary and capricious and a final certificate of eligibility should be issued. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.