■ In the Matter of COUNTY OF WESTCHESTER, Petitioner, v HENRY G. WILLIAMS, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated September 7, 1984, which, after a hearing, denied the petitioner's application for State operation and maintenance aid for the Yonkers Joint Sewage Treatment Plant.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner raises a number of arguments in support of its challenge to the respondent's decision to deny State aid in connection with the costs of operation and maintenance of the Yonkers Joint Sewage Treatment Plant for the years 1979 through 1981. We find none of these arguments persuasive.

The petitioner argues, first, that insofar as it has satisfied the five criteria set forth in the Environmental Conservation Law (ECL 17-1905 [1] [c]; ["[q]ualifications for state assistance municipalities"]), it is entitled to operation and maintenance aid as a matter of law. The petitioner argues that the respondent may not properly condition the grant of such aid on the subject sewage treatment plant's compliance with certain other criteria set forth in the respondent's regulations (6 NYCRR 651.50 *et seq.).* We disagree.

The Legislature delegated to the respondent the power to "[p]romulgate such rules and regulations * * * as may be necessary, proper or desirable to carry out * * * the provisions of [the law governing administration of operation and maintenance aid] including, but not limited to, standards of operating efficiency for sewage treatment works" *(see,* ECL 17-1905 [4] [d]). The Legislature made its intent with regard to this subject quite clear when, in connection with certain amendments to the ECL it declared that "[i]t is * * * found that the incorporation of certain performance criteria into the

assistance formula will encourage further economies and efficiencies in the operation of sewage treatment works" (L 1981, ch 820, § 1). It is clear, therefore, that the Legislature fully intended to condition the grant of operation and maintenance aid on proof that a given sewage treatment plant is operating efficiently, as measured against the standards of operating efficiency established by the respondent. This has been recognized, albeit in dicta, in the decisions of the Appellate Division, Third Department (Matter of City of New York v New York State Dept. of Envtl. Conservation, 89 AD2d 274, affg 108 Misc 2d 170), as well as this court (Matter of Cornwall v Diamond, 39 AD2d 762 [construing the identical provisions of Public Health Law former § 1263-c]). Thus, we conclude that the respondent acted within his discretion in denying operation and maintenance aid based on the subject sewage treatment plant's deficient performance during the years in question.

The petitioner also argues that the various problems experienced in the operation of its sewage treatment plant resulted from construction or design defects for which the petitioner's staff bore no responsibility. We find that this record does, indeed, support the view that problems encountered during the years in question were the fault of other parties involved in the construction of a secondary treatment plant. This circumstance does not, however, require the respondent to grant operation and maintenance aid, regardless of the failure of the plant to function as intended. Under the statutory and regulatory scheme, the respondent has the discretion to withhold aid due to the inefficient operation of a sewage treatment plant; nothing in the statutes or regulations requires the granting of aid where the inefficiency of the plant can be blamed on a party other than the municipality which, as the owner of the plant, is the recipient of such aid.

The petitioner argues that the respondent should be directed to explain the reason for its denial of operation and maintenance aid in light of his having granted such aid to other municipalities in connection with sewage treatment plants with allegedly worse operational histories. While we are aware that, as a general matter, it is capricious for an administrative agency to decide differently in two cases involving "essentially the same facts" (see, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516, 517; see also, Antal v City of New York Dept. of Hous. Preservation & Dev., 109 AD2d 723; Matter of Lefrak Forest Hills Corp. v Galvin, 40 AD2d 211, affd 32 NY2d 796), it is clear that given the extraordinary

complexity of the factual issues involved in these cases, and the myriad of ways in which the facts of the respective cases may vary, it cannot be said that the case under review involves facts which are "essentially the same" as those presented in any other case.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.