■ In the Matter of MARY N. PESEK, Appellant, v CHARLES HITCHCOCK et al., Constituting the Zoning Board of Appeals of the Town of East Hampton, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents members of the Zoning Board of Appeals of the Town of East Hampton dated July 28, 1987, which denied the petitioner's request for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated August 2, 1988, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondents members of the Zoning Board of Appeals of the Town of East Hampton (hereinafter the Zoning Board) denied the petitioner's application for a variance to permit her to subdivide her 16,000-square-foot property into two 8,000-square-foot lots. The petitioner's property was located in a "B" residential zoning district requiring 20,000 square feet for each building parcel. Contrary to the petitioner's contentions, the Zoning Board did not discriminate against her in rendering its determination, and did not abuse its discretion in denying her application.

"[T]he law is well settled that the mere fact that one property owner is denied a variance while others similarly situated are granted variances does not, in itself, suffice to establish that the difference in result is due either to impermissible discrimination or to arbitrary action" (Matter of Cowan v Kern, 41 NY2d 591, 594-595). However, a decision of an administrative agency which neither adheres to its own precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious (Matter of Field Delivery Serv. [Roberts], 66 NY2d 516; Knight v Amelkin, 68 NY2d 975). At bar, the petitioner has failed to establish the existence of earlier determinations by the Zoning Board with sufficient factual similarity to her application so as

to warrant an explanation from the Board. Most of the other variances granted by the Zoning Board were for properties in different neighborhoods with different exigent circumstances, and many of them concerned parcels with square footage just below the minimum required. Here, the proposed parcels would be 40% of the required minimum. In addition, 6 of the 7 parcels in the petitioner's block (including the petitioner's) ran block to block, and 5 were 12,000 square feet or more.

Moreover, while the Zoning Board acknowledged that its determination in 1984 regarding the "Stonehouse" property was similar to the application at bar, we note that that determination did not constitute a determination of "sufficient factual similarity" so as to warrant an explanation from the Zoning Board (cf., Knight v Amelkin, supra). While the "Stonehouse" property was in the same neighborhood as the petitioner's property, it was on a different block with different exigent circumstances. In contrast to the petitioner's property, it was one of the only properties on its block which ran from block to block (cf., Matter of Barretto v Zoning Bd. of Appeals, 123 AD2d 692), it was irregularly shaped, and the resulting subdivided parcels were in conformity with the relative size of parcels on the block. Even assuming, arguendo, that the petitioner was successful in establishing that the Stonehouse determination bore sufficient factual similarity to the instant application so as to warrant an explanation from the Zoning Board for its disparate treatment of the two applications, we find that the explanation provided, i.e., that during the years between the Stonehouse determination and the instant application, the town had come to realize that the proliferation of nonconforming lots is "disruptive of the goals of sound planning and land use, injurious to the health, safety and general welfare of the community and against public policy" (East Hampton Town Code § 153-8-60 [B]), is sufficient to distinguish the two situations (see, Knight v Amelkin, 150 AD2d 528).

We further find no merit to the petitioner's assertion that she established significant economic hardship, such that her application for a variance should have been granted. It is well established that in order to obtain area variances as a matter of discretion, the petitioner is required to establish significant economic hardship or practical difficulty (see, Matter of Lakeland Park Estates v Scheyer, 142 AD2d 582, 583). "A zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion" (Matter of Fuhst v Foley, 45 NY2d 441, 444). Here, the petitioner failed to prove that she would suffer a significant

economic injury if the application for the variances were denied. The record is devoid of proof as to the amount of the petitioner's investment in the property so it is impossible to gauge the economic injury which would result from the refusal to grant a variance. Furthermore, the mere fact that the land could be used more profitably if a variance were granted is insufficient to warrant granting the petitioner's application *(see, Matter of Iannucci v Casey,* 140 AD2d 343, 344; *Matter of Cowan v Kern, supra,* at 597). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.