■ In the Matter of Leo Spandorf et al., Appellants, v Board of Appeals of the Village of East Hills, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of East Hills, dated August 3, 1987, which denied an application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), entered February 17, 1988, which dismissed the proceeding, and from an order of the same court, entered September 1, 1989, which denied their motion to vacate the judgment on the ground, *inter alia,* of newly discovered evidence.

Ordered that the judgment and order are affirmed, with one bill of costs.

The petitioners Leo and Bernice Spandorf, hired a contractor to construct a greenhouse in their backyard. After construction was approximately 90% complete, the petitioners applied for a building permit. At this time, they were informed that an area variance was required inasmuch as the structure was violative of the rear-yard, set-back requirement of the Village of East Hills Zoning Code, which provides that the rear-yard, set-back must measure 25 feet. The greenhouse encroached the rear-yard, set-back requirement by approximately "3.3 feet". The petitioners thereafter applied for an area variance, which was denied by the Board of Appeals of the Village of East Hills (hereinafter the Board). Contrary to the petitioners' contentions, we find no indication in the record that the Board discriminated in rendering its determination, nor did it abuse its discretion in denying their application.

It is firmly established that the fact that one property owner is denied a variance while others similarly situated are granted such variances, does not, in and of itself, indicate that the difference in result is due to impermissible discrimination or to arbitrariness *(see, Matter of Cowan v Kern,* 41 NY2d 591, 594-595). However, a determination of an administrative agency which neither adheres to its own precedent nor indicates a reason for reaching a different result on essentially the same facts is arbitrary and capricious *(see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516; *see also, Knight v Amelkin,* 68 NY2d 975). Here, the fact that the Board granted various other area variances authorizing construction of different types of structures, is insufficient to establish that its conduct in denying a rear-yard, set-back variance for the greenhouse was arbitrary or capricious *(see, Matter of Pesek v Hitchcock,* 156 AD2d 690; *Matter of County of Westchester v Williams,* 125 AD2d 396). In this regard we note that there is no indication that the Board "reach[ed] a different result on essentially the same facts" *(Matter of Field Delivery Serv. [Roberts], supra,* at 517).

Even assuming, arguendo, that the petitioners had successfully established that the Board's other determinations were sufficiently similar to the instant application so as to warrant an explanation for its different treatment, we conclude that the explanation provided by the Board, i.e., that the petitioners had previously been granted a rear-yard, set-back variance, and that the granting of successive variances had begun to change the character of the neighborhood, is satisfactory *(see, Matter of Pesek v Hitchcock, supra).*

Finally, we note that the petitioners have not met their burden of demonstrating that the denial of the area variance would result in practical difficulties *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105; *Matter of Nammack v Krucklin,* 149 AD2d 596). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.