■ In the Matter of VICTORIA LaBELLA et al., Respondents, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission disqualifying the petitioners from taking examinations for Recreation Leader I and II positions with the Nassau County Department of Recreation and Parks, the appeal is from a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered August 2, 1989, which granted the petition and directed the Nassau County Civil Service Commission and the County of Nassau to "add to the appropriate eligible list, promulgated pursuant to the examinations at issue, those petitioners who passed the test and who have not either been promoted already or withdrawn their application".

Ordered that the judgment is affirmed, without costs or disbursements.

The respondents Nassau County Civil Service Commission (hereinafter the Commission) and the County of Nassau (hereinafter the County) disqualified the petitioners from taking examinations for the positions of Recreation Leader I and II with the Nassau County Department of Recreation and Parks on the ground that their Recreation Aide experience did not satisfy the "experience in the conduct of recreational activities" requirement. The petitioners appealed their disqualification to the Commission and their appeals were denied. Thereafter, the petitioners commenced the instant proceeding to review the Commission's determination that they were ineligible to take the examinations. The court granted the petition and the Commission and County appealed. Contrary to the appellants' contentions, the court did not err in granting the petition.

"[A] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" *(Matter of New York State Ct. Clerks Assn. v Himber,* 75 NY2d 460, 471; *see, Matter of Pesek v Hitchcock,* 156 AD2d 690). Here, the record indicates, and the Commission concedes, that the policy of the Commission for over a decade, was to consider Recreation Aide experience as satisfying the minimum qualifications for the Recreation Leader examinations. The Commission has neither adhered to

its own precedent nor indicated its reason for reaching a different result. Although it now acknowledges its departure from precedent and describes the precedent as "error[s] in judgment by a Personnel Specialist", the Commission has failed to indicate any rationale for the change.

We find the appellants' remaining arguments to be without merit. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.