■ In the Matter of TOWN OF POUGHKEEPSIE et al., Petitioners, v MICHAEL D. ZAGATA, as Commissioner of the Department of Environmental Conservation, et al., Respondents. [664 NYS2d 500] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Environmental Conservation which denied petitioner Town of Poughkeepsie's request for a water permit to continue supplying water to petitioner Culinary Institute of America.

Petitioner Culinary Institute of America (hereinafter the Institute) established its campus in the Town of Hyde Park, Dutchess County, in 1973. At that time, no municipal facility existed which was capable of providing the Institute with an adequate source of water. As a result, the Institute constructed a water line to the Hudson River Psychiatric Center (hereinafter HRPC) in the Town of Poughkeepsie (hereinafter the Town) and began to purchase water from HRPC. In 1984, HRPC abandoned its private water operations and contracted to purchase water from the Town; the Institute also began to purchase its water from the Town, but continued to receive it through the water lines connected through HRPC. HRPC's water connection to the Town, and the Institute's connection to HRPC, were approved by the Department of Health (hereinafter DOH) in October 1984. DOH advised that an inquiry should also be addressed to the Department of Environmental Conservation (hereinafter DEC) to see if a permit was required. The Town did make this inquiry, submitting a map showing the location of both HRPC and the Institute, along with a letter that stated in part that "[HRPC's] system will * * * continue to serve the [Institute] through the same connections as before". A February 1985 letter from DEC's Bureau of Water Resources advised the Town that no permit was needed for its water supply connection with HRPC; notably, the letter made no mention of the Town's water supply to the Institute through HRPC's facilities.

In 1987, the Hyde Park Fire and Water District (hereinafter the District) decided to build a new water treatment facility

and sought an expansion of their service territory to include the land occupied by the Institute; notably, the Institute was an ardent proponent of the expansion. All appropriate permits were subsequently obtained. When the District's expanded water services finally became available to the Institute in early 1995, the Institute refused to purchase them. In September 1995, the Town applied for a water supply permit requesting permission to continue to supply water to the Institute, initiating formal administrative proceedings. After a public hearing and an issues conference, the Administrative Law Judge (hereinafter ALJ) found no adjudicable issues and denied the Town's permit application, holding, *inter alia*, that the permit application failed to meet several necessary criteria for approval. The ALJ also determined that the 1985 letter from DEC to the Town did not act to estop DEC from requiring the Town to obtain this permit. The Town and the Institute appealed the ruling to respondent Commissioner of Environmental Conservation; the Commissioner thereafter affirmed the ALJ's denial of the permit. Petitioners then commenced this CPLR article 78 proceeding to review that determination.

We now confirm. It is well settled that judicial review in administrative determinations is limited to consideration of whether that decision is supported by "substantial evidence" (*see, Matter of Ton-Da-Lay, Ltd. v Diamond*, 44 AD2d 430, 434, *appeals dismissed* 35 NY2d 789). "[T]he court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363). Additionally, where such a determination involves an evaluation of facts "in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (*id.*, at 363).

Here, in relevant part, 6 NYCRR 601.6 (b) states as follows:

"To issue a permit, the department must determine:

"(1) that the proposed project is justified by the public necessity;

"(2) that the applicant properly considered other sources of water supply that are or may become available * * *

"(6) that the proposed project is just and equitable to all affected municipalities and their inhabitants, and in particular with regard to their present and future needs for sources of water supply".

The public necessity determination entails a consideration of

the importance of the water supply source (*see, Town of Hempstead v Flacke*, 82 AD2d 183, 187), and is a measurement of the public's need *"for the particular water supply proposed"* (*Matter of Ton-Da-Lay, Ltd. v Diamond, supra,* at 435 [emphasis in original]). This measurement must take into account the interests of those directly affected by the application, not the people of the entire State (*see, id.*).

DEC does not dispute that, at the time the Town began supplying water to the Institute, a public necessity for the connection existed because no other water source was available. At the issues conference, DEC representatives even indicated that had a permit been sought at that time, it would likely have been granted. In early 1995, however, the District was in a position to supply water to the Institute and no public necessity was left for the Town's continued supply. Therefore, in our view, the record supports the Commissioner's determination that petitioners failed to make a showing of the public necessity required for the approval of a permit application.

Next, we reject the Town's contention that the District is not a separate source of water supply because both the Town and the District get their water from the Hudson River. The District can properly be considered an alternative source of water supply that is available; therefore, petitioners failed to show that they properly considered it as another source of available water supply in their permit application. Finally, the just and equitable factor typically considers the environmental impact of the choices and requires DEC to ensure that an adequate water supply will be available to the surrounding residents; here, both potential supplies of water would have negligible impact on the environment and no strong economic factors favor the Town.

Further, we reject petitioners' contention that the ALJ erred by failing to hold an adjudicatory hearing. An issue is adjudicable if "it is proposed by a potential party and is both substantive and significant" (6 NYCRR 624.4 [c] [1] [iii]). An issue is substantive if "there is sufficient doubt about the applicant's ability to meet statutory criteria applicable to the project, such that a reasonable person would require further inquiry" (6 NYCRR 624.4 [c] [2]), and it is significant if it "has the potential to result in the denial of a permit" (6 NYCRR 624.4 [c] [3]). Here, the bulk of the facts are not in dispute and upon review of the record it is clear that petitioners' application failed to meet several of the criteria necessary for DEC to have granted the application. We therefore find no error in the ALJ's determination to dispense with an adjudicatory hearing.

Finally, we reject petitioners' contention that DEC should be estopped from requiring the Town to now obtain a permit for providing water supply to the Institute because of their reliance on the 1985 letter from DEC. The letter indicated that no permit was necessary for the Town's connection to HRPC but did not address the matter of HRPC's connection to the Institute. In general, a State agency cannot be estopped from discharging its statutory duty (*see, Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 368-371; *Town of Cornwall v Diamond*, 39 AD2d 762, 763). In our view there is no misrepresentation in the 1985 letter. In any event, even where there has been detrimental reliance on an erroneous representation, estoppel is not available even when there are harsh results (*see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *cert denied* 488 US 801). Clearly, the letter simply granted approval of a connection between the Town and HRPC and did not directly relate to the rights of the Institute.

We have considered petitioners' remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.