■ SARATOGA WATER SERVICES, INC., et al., Petitioners, v MICHAEL D. ZAGATA, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. [669 NYS2d 446] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Environmental Conservation which granted respondent Saratoga County Water Authority a water supply permit.

Respondent Saratoga County Water Authority (hereinafter the Authority) was created for the purpose of ensuring an adequate water supply for the future of Saratoga County (L 1990, ch 678). At issue in this proceeding is the Authority's application for a permit to acquire an existing approved water supply and distribution system in Saratoga County owned by petitioner Saratoga Water Services, Inc., which includes certain assets owned by petitioner Luther Forest Corporation. Acquisition of this system is an initial step in implementing a regionalized water supply and distribution system by connecting this system with neighboring service areas.

Following a hearing where the issue of the project's public necessity was adjudicated, an Administrative Law Judge recommended to respondent Commissioner of Environmental Conservation that the application be denied on the ground that the Authority failed to demonstrate the public's need for this particular water supply. Upon administrative review, however, the Commissioner found that the permit was justified by public necessity and granted the application. Petitioners commenced this CPLR article 78 proceeding challenging the determination, which has been transferred to this Court pursuant to CPLR 7804 (g).

When the Authority filed its application in July 1992, Public Authorities Law § 1199-ddd provided that the seven members of its Board must be residents of Saratoga County, as well as a *municipality* with which the Authority "has service or distribution contracts" (Public Authorities Law § 1199-ddd [1]). An amendment, effective July 19, 1995, eliminated this requirement (*see*, L 1995, ch 184, § 1). Arguing against retroactive application of the amendment, petitioners urge that the Authority's action in filing the application at a time when it had not secured any service or distribution contract in any municipality rendered the application legally defective, warranting its dismissal and annulment of the Commissioner's determination.

Although a statute or its amendment is generally applied prospectively in the absence of language or legislative intent indicating otherwise (*see, e.g., Auger v State of New York*, 236 AD2d 177), legislation that is remedial in nature or that deals with procedural matters constitutes an exception to this rule (*see, id.; Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102, 105-106). In such circumstances, the statute or its amendment is to be construed retroactively and deemed to apply to pending matters (*see*, McKinney's Cons Laws of NY, Book 1, Statutes §§ 54, 55). Apparent from the legislative history of the amendment is the conclusion that the amendment is clearly both remedial and procedural in nature. Indeed, the statute was amended because the Authority had not as yet received any service or distribution contracts and, therefore, the residency requirement could not be fulfilled (*see*, Mem of Senator Roy Goodman in Support of L 1995, ch 184, 1995 NY Legis Ann, at 146). Because Public Authorities Law § 1199-ddd, as amended, did not establish any new right or impair any vested right, but only sought to rectify a procedural obstacle to the Authority's fulfillment of its statutory duties, it may be considered a remedial statute and applied retroactively (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]; § 55). Accordingly, it is applicable to this proceeding and does not warrant dismissal of the Authority's application or annulment of the Commissioner's determination.

In an interim decision in this proceeding, the Commissioner found that it was "unnecessary to examine any issue related to alternative water supply sources". The resolution of whether an issue is substantive and significant requiring an adjudicatory hearing is left to the Commissioner and will not be disturbed absent a showing that "it is predicated upon an error of law, is arbitrary or capricious, or represents an abuse of discretion" (*Matter of Regional Action Group for Envt. v Zagata*,

245 AD2d 798, 800). According due deference to his ruling and noting that this Court may not substitute its judgment for that of the Commissioner (*see, id.*, at 800), we are satisfied that this ruling was not irrational. The Authority is not seeking a permit for "[n]ew or additional sources of water supply" (ECL 15-1501). Rather, it is proposing to acquire an existing *approved* water supply and distribution system without making any significant changes to its service area or the system itself. In such circumstances, the Commissioner could reasonably conclude that consideration of alternative sources was not necessary (*see, Matter of Catskill Ctr. of Conservation & Dev. v Jorling*, 164 AD2d 163, 167, *appeal dismissed sub nom. Matter of Village of Tannersville v Jorling*, 78 NY2d 919).

Finally, a determination as to the public necessity of a proposed project requires a consideration of the importance of the water supply source proposed and the public's need for it (*see, Matter of Town of Poughkeepsie v Zagata*, 245 AD2d 672, 673-674; *Town of Hempstead v Flacke*, 82 AD2d 183, 187-189; *Matter of Ton-Da-Lay, Ltd. v Diamond*, 44 AD2d 430, 435, *appeals dismissed* 35 NY2d 789, *lv dismissed* 36 NY2d 646, 856). Here, the Commissioner, in significant reliance on the testimony of Michael Holt, a Department of Environmental Conservation engineer, concluded that petitioners' water system supplies were plentiful enough to be combined with nearby service areas to benefit not only the consumers of these combined areas, but also residents of nearby "needy service areas". Moreover, the acquisition, as one step in the ultimate plan to develop an integrated water system, was seen as a benefit to all residents of Saratoga County.

Taking into account the present and future needs of all the residents of Saratoga County, as they are directly affected by the Authority's attempt to establish a regionalized water system via acquisition of petitioners' water system (*see, Matter of Town of Poughkeepsie v Zagata, supra; Town of Hempstead v Flacke, supra*, at 189), we are satisfied that substantial evidence supports the Commissioner's public necessity determination (*see, Swan Lake Water Corp. v Suffolk County Water Auth.*, 20 NY2d 81, 85-86; *Matter of Sunhill Water Corp. v Water Resources·Commn.*, 32 AD2d 1006, 1007). To the extent that petitioners' expert offered a contrary opinion, it was within the Commissioner's discretion to resolve the conflicting evidence in favor of the Authority (*see, Matter of Lovett v Flacke*, 83 AD2d 718, 719, *lv denied* 55 NY2d 604).

Petitioners' remaining contentions have been examined and none warrants annulment of the determination.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.