■ In the Matter of LAZER STROHLI, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF MONTEBELLO, Respondent. LAWRENCE GOLDMAN et al., Intervenors-Respondents. [706 NYS2d 447] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Montebello, dated January 26, 1998, which, after a hearing, denied the petitioner's application for a building permit, or, alternatively, for area variances, the appeal is from a judgment of the Supreme Court, Rockland County (Meehan,

J.), dated February 19, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The denial by the respondent Zoning Board of Appeals of the Village of Montebello (hereinafter the Board) of the petitioner's application for a building permit was a proper exercise of its discretion and is supported by the record (*see, Matter of Lahey v Kelly,* 71 NY2d 135). The petitioner was not entitled to the relief requested as a matter of right pursuant to the "single and separate" ownership exception contained in the Zoning Code of the Village of Montebello, because the petitioner's vacant, undersized tract of land was not a valid conforming lot at the time that the ordinance was passed (*see, Matter of DeTroia v Schweitzer,* 87 NY2d 338).

There is substantial evidence in the record to support the Board's conclusion that granting area variances for the construction of a single-family dwelling on the subject property would have a negative impact on the character of the neighborhood. The petitioner is presumed to have known the applicable zoning regulations at the time that he purchased the property (*see, Matter of Weisman v Zoning Bd. of Appeals,* 260 AD2d 487). Thus, the hardships that may exist were self-created, a factor which was properly considered by the Board in denying the petitioner's application. O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.