In the Matter of ALEX RIVERO, Appellant, v WILLIAM
VOELKER et al., Respondents. [832 NYS2d 616]—

In a proceeding pursuant to CPLR article 78 to review a de-
termination of the Board of Zoning Appeals of the Incorporated
Village of Malverne, dated September 29, 2005, which, after a
hearing, denied his application for area variances, the petitioner
appeals from a judgment of the Supreme Court, Nassau County
(Galasso, J.), dated January 9, 2006, which denied the petition
and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 2005 the petitioner purchased real property in the
Incorporated Village of Malverne and applied for permission to
subdivide the parcel and build a second residence on the vacant
portion of the land. The Malverne Building Department denied
the application on the ground that the proposal required vari-
ances from the Malverne zoning code. The petitioner applied to
the Zoning Board of Appeals of the Incorporated Village of

Malverne (hereinafter the ZBA) for the variances and, after a hearing, the ZBA denied the variances. The petitioner commenced a proceeding pursuant to CPLR article 78 seeking to annul the ZBA's determination. The Supreme Court dismissed the proceeding, and we affirm.

Contrary to the petitioner's contention, he was not entitled to build on the proposed vacant parcel as of right since the Malverne zoning code does not contain a single and separate exemption from new zoning requirements. Therefore, the petitioner was required to obtain an area variance to build on the parcel (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344 [1996]; *Matter of Milburn Homes v Trotta,* 7 AD3d 531 [2004]; *Matter of Bialla v Zoning Bd. of Appeals of Vil. of Northport,* 271 AD2d 685 [2000]).

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle, supra; Matter of O'Connell v Knowlton,* 21 AD3d 1105 [2005]).

In determining whether to grant an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Aliperti v Trotta,* 35 AD3d 854 [2006]; Village Law § 7-712-b [3] [b]). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3] [b]).

Here, the ZBA weighed the relevant statutory factors and its determination was rational, and not arbitrary or capricious. The ZBA's determination that the petitioner's proposal would exacerbate already existing traffic and parking problems on the street had a rational basis (*see Matter of Il Classico Rest. v*

*Colin,* 254 AD2d 418 [1998]; *Matter of Moundroukas v Nadel,* 223 AD2d 645 [1996]). Further, the petitioner is presumed to have had knowledge of applicable zoning restrictions in effect when he purchased the property, and, as such, any hardship was self-created (*see Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello,* 271 AD2d 612 [2000]; *Matter of Levine v Korman,* 185 AD2d 323 [1992]; *Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763 [1992]). Accordingly, the Supreme Court properly dismissed the proceeding. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.