■ In the Matter of EDWARD ARATA et al., Appellants, v ROCCO MORELLI et al., Respondents. [836 NYS2d 292]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Zoning Board of Appeals of the City of Long Beach dated August 2, 2004, and June 2, 2005, respectively, which denied the petitioners' applications for area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated March 7, 2006, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners submitted an initial application to the Zoning Board of Appeals of the City of Long Beach (hereinafter the

ZBA) for a variance from the off-street parking requirements of the Code of City of Long Beach (hereinafter the Long Beach Code), which would allow them to subdivide their property into two lots. At present, the southern portion of the property contains a single-family dwelling and the northern portion contains a two-car garage, which, upon subdivision, would be removed. Although each of the resulting lots would meet the minimum lot size requirement for single-family dwellings, a variance was required, inter alia, under Long Beach Code Appendix A (Zoning) § 9-112, because the resulting lots would not provide for off-street parking. The property is located in a neighborhood of Long Beach known as the "Walks," where many parcels do not abut streets and can only be accessed through pedestrian walkways.

The ZBA denied the petitioners' initial application. In response, the petitioners commenced the instant CPLR article 78 proceeding seeking review of that determination. Pursuant to a stipulation between the parties, the petitioners, in effect, agreed to hold the matter in abeyance while they submitted a second application to the ZBA containing a more specific site plan proposal for the northern lot, showing that the northern lot would contain at least one off-street parking space. The second application indicated, however, that the southern lot still would not contain any off-street parking spaces. After the ZBA denied the second application, the petitioners amended their petition to seek review of both ZBA determinations denying their applications for a variance from the off-street parking requirements of the Long Beach Code. The Supreme Court denied the amended petition and dismissed the proceeding. We affirm.

The record reflects that, in deciding each application, the ZBA appropriately considered the factors enumerated in General City Law § 81-b (4) (b) and concluded that the detriment to the neighborhood outweighed the benefit to the petitioners. The petitioners failed to show that the ZBA's determination was illegal, irrational, arbitrary, or an abuse of discretion (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608 [2004]; Matter of Ifrah v Utschig, 98 NY2d 304 [2002]; Matter of Sasso v Osgood, 86 NY2d 374 [1995]; Matter of Il Classico Rest. v Colin, 254 AD2d 418 [1998]). The oral and written statements of neighbors at the public hearing that the parking situation in the neighborhood had become difficult as a result of overdevelopment was corroborated by the petitioners' submission of a map indicating that two-thirds of the properties in the area did not contain offstreet parking (see Matter of Ifrah v Utschig, supra at 308). Moreover, the petitioners' property already

contains a habitable single-family residence, and the record supports the ZBA's finding that petitioners would be able to sell the property for a substantial sum without the variance, and the concomitant subdivision (*see id.* at 309).

"[T]he fact that one property owner is denied a variance while others similarly situated are granted such variances, does not, in and of itself, indicate that the difference in result is due to impermissible discrimination or to arbitrariness" (*Matter of Spandorf v Board of Appeals of Vil. of E. Hills,* 167 AD2d 546, 547 [1990]). Here, the petitioners' contention that the ZBA granted other area variances from the off-street parking requirement is insufficient to establish that its conduct in denying the petitioners a variance from that requirement was arbitrary or capricious, since the petitioners failed to establish that the ZBA "reach[ed] a different result on essentially the same facts" (*id.* at 547, citing *Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516 [1985]; *see Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 31 AD3d 635, 636 [2006]).

Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.