■ In the Matter of RONALD GALLO et al., Appellants, v GLORIA ROSELL et al., Respondents. [859 NYS2d 675]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Tuckahoe dated March 8, 2006, which, after a hearing, denied the petitioners' application for area variances, the appeal is from a judgment of the Supreme Court, Westchester County (Lippman, J.), entered September 29, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772). "When reviewing the determinations of a Zoning Board, courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d at 385).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Aliperti v Trotta*, 35 AD3d 854 [2006]). The zoning board is also required to consider whether: (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created, by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3]; *Matter of Ifrah v Utschig*, 98 NY2d at 307-308).

Here, the Zoning Board of Appeals of the Village of Tuckahoe engaged in the required balancing test and considered the relevant statutory factors. Contrary to the petitioners' contentions, the denial of the application for the area variances had a rational basis and was not arbitrary or capricious. Moreover, the Zoning Board's determination that the petitioners' proposal would exacerbate already existing parking problems on the street had a rational basis (*see Matter of Arata v Morelli*, 40 AD3d 991 [2007]; *Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]; *Matter of Il Classico Rest. v Colin*, 254 AD2d 418, 420 [1998]),

and the Zoning Board was entitled to consider the effect its decision would have as a precedent (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 615 [2004]; *Matter of Rodrigues v Zoning Bd. of Appeals of Vil. of Sleepy Hollow*, 21 AD3d 1108, 1109 [2005]). Further, the petitioners are presumed to have had knowledge of applicable zoning restrictions in effect when they purchased the property and, as such, any hardship was self-created (*see Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]).

The petitioners' contention that the Zoning Board granted other area variances to two-family dwellings, which variances were necessary prerequisites to a subdivision desired by the petitioners, is insufficient to establish that its conduct was arbitrary and capricious, since the petitioners failed to establish that the Zoning Board "reach[ed] a different result on essentially the same facts" (*Matter of Arata v Morelli*, 40 AD3d 991, 993 [2007] [internal quotation marks omitted]; *see Matter of D'Alessandro v Board of Zoning & Appeals for Vil. of Westbury*, 177 AD2d 694, 695 [1991]; *Matter of Pesek v Hitchcock*, 156 AD2d 690, 691 [1989]). Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.