■ In the Matter of JOHN TSUNIS et al., Appellants, v ZONING BOARD OF APPEALS OF INCORPORATED VILLAGE OF POQUOTT, Respondent. [873 NYS2d 733]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Poquott dated November 14, 2006, which, after a hearing, denied the petitioners' application for area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered July 31, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners sought to build a recreational dock that would

extend into the waters of Port Jefferson Harbor from their waterfront property. Their application for a dock permit was denied, however, because the plans did not meet the minimum side yard setback requirements of the local zoning ordinance. The petitioners then sought to obtain area variances from the Zoning Board of Appeals of the Incorporated Village of Poquott (hereinafter the ZBA) which, after two public hearings, denied the application. The Supreme Court confirmed the determination. We affirm.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]).

"In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (*Matter of Gallo v Rosell*, 52 AD3d at 515; *see* Village Law § 7-712-b [3] [b]; *Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d 636, 636-637 [2008]). A zoning board must also consider, inter alia, whether or not the applicant's alleged difficulty was self-created (*see Matter of Gallo v Rosell*, 52 AD3d 514 [2008]).

Contrary to the petitioners' contention, the ZBA's determination that the alleged hardship was self-created is supported by the evidence in the record. The ZBA's determination was not otherwise illegal, arbitrary, or an abuse of the ZBA's discretion (*see* CPLR 7803 [3]; *Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Skelos, J.P., Santucci, Covello and Balkin, JJ., concur.