■ In the Matter of JUDITH GOLDBERG et al., Appellants, v INCORPORATED VILLAGE OF ROSLYN ESTATES, Respondent. [877 NYS2d 199]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Superintendent of the Building Department of the Incorporated Village of Roslyn Estates dated December 18, 2006, which, in effect, denied the petitioners' applications for a certificate of occupancy and a certificate of completion for certain residential property and to compel the Incorporated Village of Roslyn Estates to issue said certificates, the petitioners appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated October 14, 2007, which granted that branch of the motion of the Incorporated Village of Roslyn Estates which was pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for the petitioners' failure to exhaust administrative remedies.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The petitioners failed to seek or obtain administrative review of the determination of the Superintendent of the Building Department of the Incorporated Village of Roslyn Estates dated December 18, 2006, which, in effect, denied their applications for a certificate of completion and a certificate of occupancy for certain residential property (see Village Law § 7-712-a; Code of Village of Roslyn Estates §§ 69-10, 200-69). Therefore, the Supreme Court properly granted that branch of the Village's motion which was to dismiss the petition on the ground that the petitioners failed to exhaust their administrative remedies (see CPLR 7801 [1]; Code of Village of Roslyn Estates §§ 69-10, 200-69; Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 140 [1995]; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Lucas v Village of Mamaroneck, 57 AD3d 786 [2008]; Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717, 718 [2007]; Matter of Brunjes v Nocella, 40 AD3d 1088, 1089 [2007]; Matter of Moreno v New York County Dist. Attorney's Off., 38 AD3d 358 [2007]; Matter of Iacone v Building Dept. of Oyster Bay Cove Vil., 32 AD3d 1026, 1028 [2006]; Sabatini v Incorporated Vil. of Kensington, 284 AD2d 320 [2001]).

In light of our determination, we need not reach the petitioners' remaining contentions. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.