■ In the Matter of ANTHONY DiPAOLO, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN/VILLAGE OF HARRISON, Respondent. CHRISTOPHER REICH et al., Intervenors-Respondents. [879 NYS2d 507]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Harrison dated January 4, 2007, which, after a hearing, denied the petitioner's application for a rear-yard setback variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Adler, J.), entered December 4, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Gallo v Rosell,* 52 AD3d 514, 515 [2008]; *see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]). "Thus, the determination of a zoning board should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Gallo v Rosell,* 52 AD3d at 515; *see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Rivero v Voelker,* 38 AD3d 784, 785 [2007]; *Matter of Halperin v City of New Rochelle,* 24 AD3d at 772). " 'When reviewing the determinations of a Zoning Board, courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination' " (*Matter of Gallo v Rosell,* 52 AD3d at 515, quoting *Matter of Sasso v Osgood,* 86 NY2d at 385).

In determining whether to grant an area variance, a zoning board of appeals is required to weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 612 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d at 307). In making that determination, the zoning board of appeals must also consider (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) whether the requested area variance is substantial, (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) whether the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 612-613; *Matter of Ifrah v Utschig,* 98 NY2d at 307-308).

Here, the Zoning Board of Appeals of the Town of Harrison (hereinafter the Board) engaged in the required balancing test and considered the relevant statutory factors. The Board's findings that the requested variance was substantial and would produce an undesirable change in the character of the neighborhood, and that the hardship to the petitioner was self-created, were supported by testimony of several local residents and objective and factual documentary evidence. Moreover, evidence was adduced that construction on the subject property might adversely affect protected wetlands and cause drainage problems. Contrary to the petitioner's contentions, the Board's determination was not illegal, had a rational basis, and was not arbitrary or capricious (*see Matter of Kraut v Board of Appeals of Vil. of Scarsdale,* 43 AD3d 923 [2007]; *Matter of Harmon v Kern,* 159 AD2d 502 [1990]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.