■ In the Matter of MONROE BEACH, INC., Appellant, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH, NEW YORK, Respondent. [898 NYS2d 194]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach, New York, dated October 24, 2008, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered April 23, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]). "When reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d at 385 n 2).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* General City Law § 81-b [4] [b]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 773). In making that determination, the zoning board must also consider whether: (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefit sought by the applicant can be achieved by some

method feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (*see* General City Law § 81-b [4] [b]).

Here, the Zoning Board of Appeals of the City of Long Beach, New York (hereinafter the ZBA), engaged in the required balancing test, and its denial of the petitioner's application for area variances had a rational basis, and was not illegal or arbitrary and capricious. The ZBA's findings that the requested variances were substantial, would result in a detriment to nearby properties, and would have an adverse effect on the physical and environmental conditions in the surrounding neighborhood were supported by hearing testimony and documentary evidence (*see Matter of DiPaolo v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 62 AD3d 792, 793 [2009]). Moreover, its finding that the alleged difficulty was self-created had a rational basis, as the applicable zoning regulations were in effect when the petitioner purchased the property (*see Matter of Rivero v Voelker*, 38 AD3d 784, 786 [2007]; *Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello*, 271 AD2d 612, 613 [2000]).

"[T]he fact that one property owner is denied a variance while others similarly situated are granted such variances, does not, in and of itself, indicate that the difference in result is due to impermissible discrimination or to arbitrariness" (*Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546, 547 [1990]; *see Matter of Arata v Morelli*, 40 AD3d 991, 993 [2007]). Here, the petitioner's contention that the ZBA granted another area variance application for the construction of a nearby multistory residential building is insufficient to establish that the ZBA's conduct in denying its application was arbitrary and capricious, since the petitioner failed to demonstrate that the ZBA "reach[ed] a different result on essentially the same facts" (*Matter of Arata v Morelli*, 40 AD3d at 993 [citation and internal quotation marks omitted]; *see Matter of Gallo v Rosell*, 52 AD3d at 516).

The petitioner's contention that the ZBA's determination was arbitrary and capricious because the ZBA failed to issue specific findings of fact until after the instant proceeding was commenced is without merit (*see Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach*, 43 AD3d 1068, 1069 [2007]; *Matter of Efraim v Trotta*, 17 AD3d 463, 464 [2005]).

In view of the foregoing, the Supreme Court properly denied

the petition and dismissed the proceeding. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.