■ In the Matter of NICHOLAS ALIANO, Appellant, v RUTH D. OLIVA et al., Respondents. [899 NYS2d 330]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Director of Code Enforcement of the Town of Southold dated January 6, 2006, confirming a stop work order issued in connection with construction on the petitioner's property, and a determination of Zoning Board of Appeals of the Town of Southold dated August 31, 2006, denying the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered February 10, 2009, which, upon an order of the same court dated June 10, 2007, granting those branches of the respondents' motion which were pursuant to CPLR 3211 (a) and 7804 (f) to dismiss, for failure to state a cause of action and because the petitioner failed to exhaust available administrative remedies, those branches of the amended petition which were to annul the determination dated January 6, 2006, to annul the determination dated August 31, 2006, on the grounds that it deprived the petitioner of vested rights, deprived him of property in the absence of due process, and constituted an unconstitutional taking of private property for a public purpose without just compensation, to compel the reinstatement of a building permit, and to enjoin the respondents from interfering with the construction work and, in effect, denying that branch of the petition which was to annul the determination dated August 31, 2006, on the ground that it was arbitrary and capricious, and upon an order of the same court dated December 16, 2008, denying those branches of the petition alleging violations of Town Law § 267 and the Open Meetings Law (Public Officers Law art 7), is in favor of the respondents and against him dismissing the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 4, 2005, the petitioner obtained a building permit from the Town of Southold to construct a one-story house with a 42-foot setback on a bluff overlooking the Long Island Sound (hereinafter the permit). The Town's Director of Code Enforcement issued an oral stop work order on January 5, 2006, and confirmed that determination in writing on January 6, 2006, after finding that the permit was mistakenly issued in violation of the local zoning ordinance, which requires a 100-foot setback from the edge of the bluff.

The petitioner applied to the Zoning Board of Appeals of the Town of Southold (hereinafter the ZBA) in February 2006 for an area variance permitting him to resume construction with a reduced setback. After a series of hearings which commenced in March 2006, and upon the ZBA's receipt of additional written submissions, the ZBA denied the application for the area variance in a determination dated August 31, 2006.

The petitioner commenced this CPLR article 78 proceeding against the ZBA, its members, and the Town (hereinafter collectively the respondents) on September 5, 2006. In an amended petition, the petitioner sought, inter alia, to annul the determination dated January 6, 2006, confirming the stop work order, to compel the ZBA to grant the application for an area variance, to annul the ZBA's determination denying the area variance on the grounds that the determination was arbitrary and capricious, that the ZBA and the Town violated the procedural requirements of Town Law § 267 and the Open Meetings Law (Public Officers Law art 7) in denying the variance application, and that the ZBA and other Town officers officially adopted and promulgated a policy effecting the deprivation of his constitutional rights.

The respondents moved to dismiss the amended petition on the grounds, inter alia, that the petitioner failed to exhaust his administrative remedies and that the amended petition failed to state a cause of action. In an order dated June 10, 2007, the Supreme Court granted those branches of the respondents' motion which were pursuant to CPLR 3211 (a) and 7804 (f) to dismiss, for failure to state a cause of action and because the petitioner failed to exhaust available administrative remedies, those branches of the amended petition which were to annul the determination dated January 6, 2006, to annul the determination dated August 31, 2006, on the grounds that it deprived the petitioner of vested rights, deprived him of property in the absence of due process, and constituted an unconstitutional taking of private property for a public purpose without just compensation, to compel the reinstatement of a building permit,

and to enjoin the respondents from interfering with the construction work. The Supreme Court, in effect, denied that branch of the amended petition which was to annul the determination dated August 31, 2006, on the ground that it was arbitrary and capricious. The Supreme Court denied those branches of the respondents' motion which were to dismiss those branches of the amended petition alleging violations of Town Law § 267 and the Open Meetings Law.

After the respondents answered the remaining branches of the amended petition, the Supreme Court, in an order dated December 16, 2008, denied those branches of the amended petition which alleged violations of Town Law § 267 and the Open Meetings Law.

On February 10, 2009, the Supreme Court entered a judgment which, upon the orders dated June 10, 2007, and December 16, 2008, was in favor of the respondents and against the petitioner dismissing the proceeding. We affirm the judgment.

"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Goldberg v Incorporated Vil. of Roslyn Estates*, 61 AD3d 756 [2009]; *Matter of Lucas v Village of Mamaroneck*, 57 AD3d 786 [2008]). In the case at bar, the petitioner was required to appeal the issuance of the stop work order to the ZBA within 60 days after the filing of the stop work order on January 6, 2006 (*see* Town Law § 267-a [4], [5] [b]; Code of Town of Southold § 280-146 [A]; § 280-153). However, although the petitioner applied for a variance in February 2006 (*see* Code of Town of Southold § 280-146 [B]), the record is devoid of any evidence that he appealed the stop work order at any time after it was issued. Consequently, the Supreme Court properly determined that the petitioner failed to exhaust his administrative remedies with respect to his challenge to the stop work order, which extinguished his right to judicial review of that determination (*see* CPLR 7801; *see Matter of Goldberg v Incorporated Vil. of Roslyn Estates*, 61 AD3d 756 [2009]; *Matter of Lucas v Village of Mamaroneck*, 57 AD3d 786 [2008]). Accordingly, the Supreme Court correctly granted that branch of the respondents' motion which was to dismiss, for failure to exhaust administrative remedies, that branch of the petition as sought to annul the stop work order.

The Supreme Court properly granted those branches of the respondents' motion which were to dismiss those branches of the amended petition alleging a deprivation of vested and

constitutional rights, and seeking related injunctive relief, since the allegations contained in those branches of the amended petition, even if true, do not state a cause of action (*see generally Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617 [2004]; *cf. Town of Orangetown v Magee*, 88 NY2d 41 [1996]).

The petitioner's failure to exhaust administrative remedies in connection with his judicial challenge to the stop work order does not foreclose judicial review of his separate challenge to the ZBA's denial of his application for an area variance since those challenges involve different, and possibly inconsistent, remedies (*see generally Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 179 [2010]; *Town of Orangetown v Magee*, 88 NY2d 41 [1996]; *compare* Code of Town of Southold § 280-146 [A] *with* [B]). Specifically, the petitioner's application for an area variance constitutes an implicit concession that his construction activities were not in compliance with the applicable provisions of the zoning code, and that there was a rational basis for the issuance of the stop work order on the ground of noncompliance with the zoning code. With respect to the merits of the petitioner's challenge to the ZBA's denial of his application for an area variance, local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Roberts v Wright*, 70 AD3d 1041 [2010]; *Matter of Gallo v Rosell*, 52 AD3d at 515).

In determining whether to grant an application for an area variance, a town's zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3]; *see also Matter of Roberts v Wright*, 70 AD3d 1041 [2010]; *cf. Matter of Tsunis v Zoning Bd. of Appeals of Inc. Vil. of Poquott*, 59 AD3d 726, 727 [2009]; *Matter of Gallo v Rosell*, 52 AD3d at 515). The zoning board must also consider whether: (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought

by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *see also Matter of Roberts v Wright,* 70 AD3d 1041 [2010]; *Matter of Gallo v Rosell,* 52 AD3d at 515).

Here, the ZBA's determination to deny the petitioner's application for an area variance was not illegal, had a rational basis, and was not arbitrary and capricious, since the ZBA properly considered the relevant statutory factors, and rationally concluded, based on the evidence in the record, that the variance sought was substantial and self-created, and that the granting of the requested area variance would have an undue adverse impact on the physical and environmental conditions of the relevant neighborhood and produce an undesirable change in the character of the neighborhood (*see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]). Accordingly, the Supreme Court properly, in effect, denied that branch of the amended petition which was to annul the ZBA's determination on the ground that it was arbitrary and capricious (*see* CPLR 7803 [3]).

Furthermore, even if the ZBA violated the Open Meetings Law when it denied the petitioner's variance application on August 31, 2006, that determination was made after a series of public meetings, and also after June 8, 2006, the agreed-upon date by which the petitioner and other interested persons were permitted to submit additional information for the ZBA's consideration. Accordingly, the circumstances are not sufficient to warrant the annulment of the ZBA's determination on the ground that the ZBA's determination was made in violation of lawful procedure or was affected by an error of law by virtue of a violation of the Open Meetings Law (*see* Public Officers Law § 107 [1]; *Matter of Cipriano v Board of Zoning Appeals of City of Glen Cove,* 203 AD2d 362 [1994]; *cf. Matter of Wilson v Board of Educ. Harborfields Cent. School Dist.,* 65 AD3d 1158 [2009], *lv denied* 13 NY3d 714 [2009]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 777 [2005]).

The petitioner's remaining contentions are without merit. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.