■ In the Matter of GEORGE MATEJKO, Appellant, v BOARD OF ZONING APPEALS OF TOWN OF BROOKHAVEN et al., Respondents. [910 NYS2d 123]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated July 16, 2008, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Farneti, J.), dated December 30, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.*, 71 AD3d 1150 [2010]). Contrary to the contention of the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA), the "substantial evidence" standard of review is inapplicable to a zoning board's determination of an application for an area variance, since such a determination is not made after a hearing at which evidence is taken pursuant to direction of law (*see* CPLR 7803 [4]). Rather, "[w]hen reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d at 384 n 2; *see Matter of Halperin v City of New Rochelle*, 24 AD3d at 769-770).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment

to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). In making that determination, the zoning board must consider whether: (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]).

Here, the BZA engaged in the required balancing test and considered the relevant statutory factors, and its denial of the petitioner's application for area variances had a rational basis, and was not illegal or arbitrary and capricious. The BZA's findings that the requested variances were substantial, would result in a detriment to nearby properties, would have an adverse effect on the physical and environmental conditions in the surrounding neighborhood, and that the benefit sought by the petitioner could be achieved by an alternative feasible method other than the requested variances, were supported by hearing testimony and documentary evidence (*see Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.*, 71 AD3d at 1151; *Matter of DiPaolo v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 62 AD3d 792, 793 [2009]). Moreover, the BZA's finding that the alleged difficulty was self-created had a rational basis, as the applicable zoning regulations were in effect when the petitioner purchased the property (*see Matter of Rivero v Voelker*, 38 AD3d 784, 786 [2007]; *Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello*, 271 AD2d 612, 613 [2000]).

"[T]he fact that one property owner is denied a variance while others similarly situated are granted such variances, does not, in and of itself, indicate that the difference in result is due to impermissible discrimination or to arbitrariness" (*Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546, 547 [1990]; *see Matter of Arata v Morelli*, 40 AD3d 991, 993 [2007]). Here, the petitioner's contention that the BZA granted an application for the subdivision of nearby property into "flag lots" in 1999 was insufficient to establish that the BZA's denial of his application was arbitrary and capricious, since the petitioner failed to demonstrate that the BZA "reach[ed] a dif-

ferent result on essentially the same facts" (*Matter of Arata v Morelli*, 40 AD3d at 993 [internal quotation marks omitted]; *see Matter of Gallo v Rosell*, 52 AD3d 514, 516 [2008]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.