■ ISLAND REALTY HOLDINGS, LLC, Respondent, v 995 MANOR ROAD, LLC, et al., Defendants/Respondents, and NEW YORK CITY DEPARTMENT OF BUILDINGS, Appellant. [912 NYS2d 883]—

In a hybrid action for injunctive and declaratory relief, and, in effect, proceeding, inter alia, pursuant to CPLR article 78 in the nature of mandamus to compel the issuance of a certificate of occupancy, the New York City Department of Buildings appeals, as limited by its brief, from so much of an order and interlocutory judgment (one paper) of the Supreme Court, Richmond County (Maltese, J.), dated April 15, 2009, as denied that branch of its motion which was to dismiss the petition for failure to exhaust administrative remedies, in effect, granted the petition, and directed it to issue a new certificate of occupancy to the plaintiff/petitioner permitting the plaintiff/petitioner to operate a Dunkin' Donuts store on the plaintiff/petitioner's property.

Ordered that the order and interlocutory judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the New York City Department of Buildings which was to dismiss the petition for failure to exhaust administrative remedies is granted.

Subject to certain exceptions not applicable here, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Here, the plaintiff/petitioner could have appealed to the New York City Board of Standards and Appeals prior to commencing this litigation, but it failed to do so. Thus, the Supreme Court erred in denying the motion of the New York City Department of Buildings which was to dismiss the petition on the ground that the plaintiff/petitioner had failed to exhaust its administrative remedies (*see Matter of Vinrus Corp. v Village of Pelham Manor Bldg. Inspector*, 66 AD3d 690 [2009]; *Matter of Goldberg v Incorporated Vil. of Roslyn Estates*, 61 AD3d 756 [2009]; *Matter of Brunjes v Nocella*, 40 AD3d 1088 [2007]).

The parties' remaining contentions either are without merit or have been rendered academic. Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.