In the Matter of ANN MARIE CAMPBELL et al., Respondents, v TOWN OF MOUNT PLEASANT ZONING BOARD OF APPEALS, Appellant. [923 NYS2d 699]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Mount Pleasant Zoning Board of Appeals dated September 10, 2009, which, after a hearing, denied the petitioners' application for area variances, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Holdman, J.), dated March 11, 2010, which denied the motion of Town of Mount Pleasant Zoning Board of Appeals to dismiss the petition pursuant to CPLR 3211 (a) (4) and 7804 (f), granted the petition, annulled the determination, and remitted the matter to the Town of Mount Pleasant Zoning Board of Appeals to grant the variances.

Ordered that the order and judgment is affirmed, without costs or disbursements.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). "Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d at 949; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.*, 71 AD3d 1150 [2010]). Accordingly, while the

Town of Mount Pleasant Zoning Board of Appeals (hereinafter the ZBA), contends that its denial of the petitioners' variance requests was supported by substantial evidence, "the 'substantial evidence' standard of review is inapplicable to a zoning board's determination of an application for an area variance, since such a determination is not made after a hearing at which evidence is taken pursuant to direction of law" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d at 949; *see* CPLR 7803 [4]). Rather, "[w]hen reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d at 384 n 2; *see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d at 949; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 769-770). In the instant dispute, the Supreme Court correctly determined that the ZBA's determination did not have a rational basis in the record, and that the determination was, therefore, arbitrary and capricious.

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *see also Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). In making its determination, the zoning board must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

Here, as the Supreme Court correctly observed, there was no evidence in the record to support the ZBA's finding that the granting of the variances here would result in a negative impact on the physical and environmental conditions in the neighborhood, increased traffic and parking problems, and the creation of safety issues. Moreover, the evidence does not support the

ZBA's determination that the granting of the variances would have the effect of altering the character of the neighborhood. Consequently, under the circumstances presented here, the Supreme Court properly concluded that the ZBA's determination denying the petitioners' application for two area variances lacked a rational basis (*see Matter of Rosasco v Village of Head of Harbor*, 52 AD3d 611 [2008]; *Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals*, 46 AD3d 691, 693 [2007]; *Matter of Marro v Libert*, 40 AD3d 1100, 1102 [2007]; *Matter of Crystal Pond Homes v Prior*, 305 AD2d 595, 596 [2003]; *Matter of Sorby v Zoning Bd. of Appeals of Town of Mount Pleasant*, 289 AD2d 410 [2001]; *Matter of Easy Home Program v Trotta*, 276 AD2d 553, 553-554 [2000]).

The ZBA's remaining contentions, including its contention that this proceeding was barred because there was a prior proceeding pending for the same relief, are without merit. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.