■ In the Matter of EUGENE L. DANERI, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHOLD, Appellant, and THORNTON SMITH, Respondent. [949 NYS2d 180]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Southold dated October 1, 2007, as, after a hearing, denied those branches of the petitioner's application which were for certain side yard and bulkhead setback variances, the Zoning Board of Appeals of the Town of Southold appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated October 13, 2010, which granted the petition, annulled so much of the determination as denied those branches of the petitioner's application which were for certain side yard and bulkhead setback variances, and remitted the matter to the Zoning Board of Appeals of the Town of Southold to grant those variances.

Ordered that the judgment is affirmed, without costs or disbursements.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). "Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d at 949; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.*, 71 AD3d 1150 [2010]).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *see also Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). In making its determination, the zoning board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the

physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b [3] [b]).

Here, as the Supreme Court observed, although the petitioner's difficulty arguably was self-created, there was no evidence that the grant of the requested side yard and bulkhead setback variances would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Town Law § 267-b [3] [b]). The record revealed that the community average for side yard setbacks was nonconforming (see Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val., 3 AD3d 496, 497 [2004]), and that the Zoning Board of Appeals of the Town of Southold (hereinafter the ZBA) had recently approved a substantially similar application (see Matter of Lucas v Board of Appeals of Vil. of Mamaroneck, 57 AD3d 784, 785 [2008]; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679, 681 [2002]). Furthermore, not only were all of the surrounding lots nonconforming in terms of the applicable requirements for bulkhead setbacks, but, by constructing a new home, the petitioner would actually increase the distance between the bulkhead and his residence (see Matter of Schumacher v Town of E. Hampton, N.Y. Zoning Bd. of Appeals, 46 AD3d 691 [2007]). Accordingly, the Supreme Court properly annulled so much of the determination of the ZBA as denied those branches of the petitioner's application which were for side yard and bulkhead setback variances (see Matter of Campbell v Town of Mount Pleasant Zoning Bd. of Appeals, 84 AD3d 1230 [2011]; Matter of Cassano v Zoning Bd. of Appeals of Inc. Vil. of Bayville, 263 AD2d 506, 507 [1999]). Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.