◼ In the Matter of Howard Sacher et al., Appellants, v Village of Old Brookville et al., Respondents. [3 NYS3d 69]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning Appeals of the Village of Old Brookville dated May 8, 2012, as, after a hearing, inter alia, denied the petitioners' application for certain setback and area variances regarding an accessory building, the petitioners appeal from a judgment of the Supreme Court, Nassau County (K. Murphy, J.), entered December 7, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Accordingly, on judicial review, the determination of a zoning board should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d 1124, 1125-1126 [2012]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]).

In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Village Law § 7-712-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612; *Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d at 1126; *Matter of Jonas v Stackler*, 95 AD3d 1325, 1327 [2012]). A zoning board must also consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b [3] [b]). In making that determination, the personal observations of members of the zoning board may be considered (*see Matter of Genser v Board of Zoning & Appeals*

*of Town of N. Hempstead*, 65 AD3d 1144, 1147 [2009]; *Matter of Rosewood Home Bldrs., Inc. v Zoning Bd. of Appeals of Town of Waterford*, 17 AD3d 962, 964 [2005]).

The finding of the Board of Zoning Appeals of the Village of Old Brookville (hereinafter the Board) that the detriment to the community outweighed the benefit of granting the requested variances had a rational basis in the record and was not arbitrary and capricious. Here, the petitioners sought certain area and setback variances for a second-story addition to an accessory building on their property. The Board engaged in the required balancing test and considered the relevant statutory factors. The evidence before the Board and the Board's visual inspection of the property supported its conclusion that granting the proposed variances would be a detriment to nearby properties and produce an undesirable change in the character of the neighborhood. Additionally, the Board rationally concluded that the requested variances were substantial in nature and that the petitioners had a feasible alternative to increasing the size of the accessory building, since there were other structures on the petitioners' property which could provide additional storage space. Likewise, the petitioners' hardship was self-created in that they completed the additions to the accessory building without obtaining a building permit (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 77 [2009]; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 930-931 [2007]; *Matter of Becvar v Scheyer*, 250 AD2d 842, 843 [1998]). Contrary to the petitioners' contention, the Board "was entitled to consider the effect its decision would have as a precedent" (*Matter of Gallo v Rosell*, 52 AD3d 514, 516 [2008]).

The petitioners' remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.