█ In the Matter of DANIEL HARRIS et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF CARMEL, Respondent. [27 NYS3d 660]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Carmel dated May 16, 2013, denying, after a hearing, the petitioners' application for a setback variance, the petitioners appeal from a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated March 31, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary [and capricious], or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Celentano v Board of Zoning Appeals of Town of Brookhaven*, 63 AD3d 1156, 1157 [2009]). Thus, a zoning board's determination should be sustained if it is not illegal, is not arbitrary and capricious, and has a rational basis (*see Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip*, 110 AD3d 876, 877 [2013]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509). The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational (*see Matter of Petikas v Baranello*, 78 AD3d 713, 714 [2010]; *Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d 1113 [2009]).

Here, the Zoning Board of Appeals of the Town of Carmel (hereinafter the Board) performed the requisite balancing test (*see* Town Law § 267-b [3] [b]), and its conclusion that the detriment to the surrounding neighborhood posed by granting the requested variance outweighed the benefit to the petitioners had a rational basis and was supported by the record. In particular, the Board rationally found that granting the variances would produce an undesirable change in the character of the neighborhood and that the benefit sought by the petitioner could be achieved by other methods (*see* Town Law § 267-b [3]

[b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 615 [2004]; *Matter of Fortunato v Town of Hempstead Bd. of Appeals*, 134 AD3d 825 [2015]; *Matter of Sacher v Village of Old Brookville*, 124 AD3d 902 [2015]).

The petitioners further contend that the Board's determination denying their application for an area variance was arbitrary and capricious because it had granted similar applications. "[T]he fact that one property owner is denied a variance while others similarly situated are granted such variances, does not, in and of itself, indicate that the difference in result is due to impermissible discrimination or to arbitrariness" (*Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546, 547 [1990]). Here, the petitioners' contention is without merit, since they failed to establish that the Board "reach[ed] a different result on essentially the same facts" (*id.* at 547, citing *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516 [1985]; *see Matter of Arata v Morelli*, 40 AD3d 991, 993 [2007]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn*, 31 AD3d 635, 636 [2006]).

While it would have been advisable for the vice chairman of the Board to recuse himself from the proceeding if he felt that he had any bias against the petitioners, there is no "proof that the outcome flowed from the alleged bias" (*Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989], amended 74 NY2d 942 [1989], citing *Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981]; *see Matter of Partition St. Corp. v Zoning Bd. of Appeals of City of Rensselaer*, 302 AD2d 65, 68-69 [2002]).

The petitioners' remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.